UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAMADOU    BARRY

Write the full name of each plaintiff.

**19 CV 4189**

No. _____
(To be filled out by Clerk's Office)

-against-

THE STATE OF NEW YORK.

"JAIME LAMANNA." "MELECIO PHIL."

"DUNCAN S. BEY Jr." "CHANTEL K. ELMORE."

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

| MAMADOU | | BARRY |
|---------|---------------|-----------|
| First Name | Middle Initial | Last Name |

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

13 A 1084

Current Place of Detention

GREEN HAVEN CORRECTIONAL FACILITY   P.O.BOX 4000

Institutional Address

| STORMVILLE | NEW YORK | 12582-4000 |
|------------|----------|------------|
| County, City | State | Zip Code |

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced prisoner
☐ Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:   " THE STATE OF NEW YORK."

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:   JAIME   LAMANNA

| First Name | Last Name | Shield # |
|---|---|---|

SUPERINTENDENT

Current Job Title (or other identifying information)

594 Route 216

Current Work Address

| STORMVILLE | New York | 12582 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:   MELECIO   PHIL

| First Name | Last Name | Shield # |
|---|---|---|

First deputy Superintendent.

Current Job Title (or other identifying information)

594 Route 216

Current Work Address

| Stormville | New York | 12582 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4:   DUNCAN S. BEY Jr.

| First Name | Last Name | Shield # |
|---|---|---|

Captain

Current Job Title (or other identifying information)

594 Route 216

Current Work Address

| Stormville | New york | 12582 |
|---|---|---|
| County, City | State | Zip Code |

|                  | First name | Last name |
|------------------|------------|-----------|
| Defendant 5:     | Chantel    | Elmore    |

Current job title (other identifying information)
"Sergeant"

Current work address
594 Route 216

| County,City | State    | Zip Code |
|-------------|----------|----------|
| Stormville  | New York | 12582    |

# V.    STATEMENT OF CLAIM

Place(s) of occurrence:  G-BLock 1-123

Date(s) of occurrence:  JULY 30th 2018 TO august 4th 2018.

FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

During the institutional lock-down on july30th 2018. The Facility of Green Haven served cold meals throughout the entire five day's. no special diet, no Religious diet meals. A direct violation of plaintiff's guaranted Rights by the United States Constitution.

Plaintiff is a "RASTAFARIAN" on the 30th of july 2018 at approximately 12:31pm. An officer approached plaintiff cell with a lunch tray, plaintiff informed the officer about plaintiff Religious diet meal, in which the officer replied "i'm just passing the cold tray's, as far as your religious diet meal you have to talk to the area sergeant or the higher ups."

Plaintiff requested to talk to a Sergeant. " Captain" Duncan S. Bey Jr. arrived at plaintiff cell G-1-123. and inquired about why Plaintiff wanted to talk to a white shirt. Plaintiff informed Captain, Duncan S. bey Jr. That plaintiff is a "RASTAFARIAN" and plaintiff Religion prohibit plaintiff from eating "BOLONEY" and other food that is not prepared according to the" RASTAFARIAN Religion" Plaintiff proceeded to give " Captain" Duncan S. Bey Jr. Plaintiff Religious diet card which was approved by the Green Haven Correctional Facility " Chaplain" and sighned by the

Food service " Superviser" after a careful examination of
Plaintiff Religious diet card; " Japtain" Duncan S. Bey Jr.
stated "this is an institutional lock-down, which mean's you
will eat what we give you or dont eat all, it is your choice"
Plaintiff didn't eat the entire day of july 30th. the next day
on july 31st, at approximately 2:48pm. Plaintiff spoked to
Jaime Lamanna, "Superintendent" of Green Haven Correctional
Facility,.Plaintiff explained to Mr. Lamanna, the Constitutional
violation that taken place right under his authority. Plaintiff

**INJURIES:**     SEE ATTACHED DOCUMENT.

If you were injured as a result of these actions, describe your injuries and what medical treatment,
if any, you required and received.

Plaintiff  suffer mental stress, mental anxiety, and mental

anguish and among other  things.

Religious dicrimination, racial discrimination, racia hate.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

Therefore, Plaintiff pray for judgement against the defendants as follow:

1. Order directing defendants to provide an adequate Religious diet meals
in Green Haven Correctional Facility.

2. Order directing defendants to refrain from infranging inmates Constitutiona
Rights, which are guaranted by the United States.

3. Order directing defendants to refrain from engaging in the same or similar
conduct in the future. And  award of compensatory and punitive damages in
an amount to be determined at trial; and such other and further relief as
the Court deems just and proper.

Again provided Mr. Lamanna with plaintiff religious
Diet card, and pointed out to him that plaintiff have not ete
for the past 31 hours. Mr. Lamanna, proceeded to tell plaintiff
that he will look in to the matter.

The same evening, plaintiff spoke to " Chantel K. Elmore." A
" Sergeant" in Green Haven Correctional Facility. Plaintiff
explained to Ms. Elmore, that plaintiff is a " RASTAFARIAN" who
is under the Religious diet meal, and provided " Sergeant" Ms.
Elmore, with Plaintiff Religious diet card. (Sergeant) Ms. Elmore
stated that she will look into the matter. to no avail.

On august 2nd 2018. at approximately 11:24pm. Plaintiff spoke
to (Captain)"Duncan S. Bey Jr. about Plaintiff been denied
Religious diet meals since the begining of the institutional
lock-down. Mr. Duncan, stated "you eat what we give you "

On august 3rd 2018. Plaintiff wrote a grievance about the Civil
Rights violations.

Defendants confined Plaintiff for five day's without religious
diet, shower, nor rec. the defendants actions was deliberate
reckles, malice and vindictive toward's Plaintiff's
Constitutional Rights. Thus, this court should hold these
Defendants accountable on the account of their actions.

Plaintiff's Constitutional Rights admit no temperament, and
no compromise: any thing withheld from their full demand is
so much of fraud and injustice.

The violation of Plaintiff's Civil Rights, let no Government
look for security in the lenght of it's continuance,and or
in the justice and lenity of it's administration.

thus, this Court should award's Plaintiff what it deems just
and proper.

## CLAIM OF RELIEF.

Plaintiff repeat and re-alleges the foregoing paragraphs as if fully set forth herein, Plaintiff is Rastafarian, and has been at all relevant times during Plaintiff's detention in Green Haven Correctional Facility. New York State, Policies and Practices, as applied in Green Haven Correctional Facility placed a substantial and unreasonable burden on Plaintiff's sincerely held Religious beliefs in a way not reasonably related to any legitimate penological interest, such that Plaintiff was not able to practice Plaintiff's chosen religion in good conscience.

The Defendant's failing to provide adequate Religious diet meals. accordingly, New York State Policies and practices violated Plaintiff's Civil Rights to the free exercise of one's Religion. Furthermore, because those Policies and pracices resolted in a level of treatment of Rastafarians who are incarcerated in Green Haven Correctional Facility far below the level of treatment of other religions. These Policies and Practices as applied here in Green Haven Correctional Facility violated Plaintiff's Civil Rights to the equal protection of laws Defendant, "The State of New York," is liable for each violation of Plaintiff's Civil Rights because each violation resulted from the execution of Official Policies and or Customs of New York State Department of Corrections and Community Supervision which is an agency of the State of New York. Those policies and Customs are reflected in  ( D.O.C.C.S.) Directive, Command Orders and regular Practices perpetuated at Green Haven Corrctional Facility and they are allowed to persist, and they are allowed to persist in other sources.

(2)

Defendant, "Jaime Lamanna," Superintendent of Green Haven Correctional Facility  is individually liable for each violation of Plaintiff's Civil Rights because Plaintiff informed Mr. Lamanna verbally and by letter of the violations of Plaintiff's Civil Rights occurring here at Green Haven Correctional Facility. Mr. Lamanna, failed to act on that information or otherwise remedy the wrong. Discovery may reveal further involvement by all defendants.

Defendant, "Melecio Phil," (First deputy Superintendent) is individually liable for each violation of Plaintiff's Civil Rights because as a Commanding Officer of Green Haven Correctional Facility, he is ultimately responsible for the establishment and maintenance of Policies and Practices of This Facility. Plaintiff wrote Mr. Phil, about these violations, all to no avail. A copy of this letter is submitted an annexed as exhibit ( F )

Defendant, "Duncan S. Bey Jr.," (Captain) in Green Haven Correctional Facility is individually liable for each violation of Plaintiff's Civil Rights because as Command Officer of Green Haven Correctional Facility and having been informed of these violation by Plaintiff failed to act in any manner whatsoever.

Defendant, "Chantel K. Elmore," (Sergeant) in Green Haven Correctional Facility is individually liable for each violation of Plaintiff's Civil Rights because as a Commanding Officer she is ultimately responsible for the maintenance of Policies and Practices of the Facility.
All of the above-listed Defendants violated Plaintiff'sCivil Rights and made an attempt to cover it up by the (I.G.R.C.)

(3)

Hearing (Sergeant) who told Plaintiff at the hearing that "Albany sighned a document that approved Green Haven Correctional Facility to serve cold meals,no religious diet, no special diet, only KOSHA for the jews is been approved for the duration of the institutional lock-down in Green Haven Correctional Facility." Please refer to exhibits (G, H & I). The steps Plaintiff has taken to obtain this document have been to no avail.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| *4-25-2019* | *Bo~* |
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| MAMADOU | | BARRY |
| First Name | Middle Initial | Last Name |

| | | |
|---|---|---|
| STORMVILLE | NEW YORK | 12582-4000 |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing:  *4-25-2019*

## PLAINTIFF REQUEST JUDGEMENT AGAINST EACH DEFENDANT.

Defendant "THE STATA OF NEW YORK." By failing to properly
traine its employees, have cause Plaintiff pain and suffering,
mental stress, mental anxiety and mental anguish of Religious
discrimination, racial distrimination and racial hate. Thus,
Plaintiff are entitle  to the relief requested herein; in the
recovery amount of being $35.749

## DEFENDANT "JAIME LAMANNA."

By failing to properly perform his duties as the
( Superintendent.) in Green Haven Correctional Facility. and
failing to act on the information that Plaintiff's Constitutional
Rights is been violated under his authority, made  the defendant
" Jaime Lamanna" liable for each violation of Plaintiff's Civil
Rights, which cause Plaintiff pain and suffering of mental stress
mental anxiety and mental anguish, of Religious discrimination,
racial discrimination and racial hate. Thus, Plaintiff are
entitle to the relief requested herein; in the amount of being
$16.354

## DEFENDANT, " MELECIO PHIL."

By failing to perform his duties as the (First deputy
Superintendent) and failing to act on the information that
Plaintiff is been denied Religious diet, and have not ate food
since the beginning of the lock-down, violated Plaintiff's
Civil Rights, which are guaranted by the United States
Constatution.  these violations cause Plaintiff pain and sufferin

Of mental stress, mental anxiety and mental anguish of
Religious discrimination, racial  discrimination and racial
hate. Thus, Plaintiff are entitle to the relief reqested herein,
in the recovery amount of being $13.875

### DEFENDANT " DUNCAN S. BEY Jr."

By failing to properly perform his duties as the ( Captain)
in Green Haven Correctional Facility. and failing to act on
the information that Plaintiff is been denied Religious diet
and failing to perform his duty violated Plaintiff's
Constitutional Rights .
Defendant "Duncan S. Bey Jr." is liable for each violation of
Plaintiff Civil Rights, which cause Plaintiff pain and suffering
of mental stress, mental anxiety and mental anguish, of Religious
discrimination, racial discrimination and racial hate.
Thus, Plaintiff are entitle  to the relief requested herein;
in the amount of being $12.987

### DEFENDANT " CHANTEL K. ELMORE."

By failing to properly perform her duties as the ( Sergeant)
in Green Haven Correctional Facility. and failing to act on
the information that Plaintiff's Constitutional Rights is been
violated by denying Plaintiff Religious diet meals, made
Defendant "Chantel K. Elmore." liable for each violation of
Plaintiff Civil Rights, which cause Plaintiff pain and suffering
of mental stress, mental anxiety and mental anguish, of Religious
discrimination, racial discrimination, racial hate. Thus,
Plaintiff are entitle to the relief requested herein; in the
amount of being $9.649.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES.

Plaintiff has exhausted any and all appropriate Administrative remedies available to Plaintiff, such as the filling of an inmate grievance. see exhibits ( A.B,& C. )


## JURISDICTION AND VENUE.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, because this action is a Civil action arising under the Constitution, laws or treaties of the United States.

This venue is proper in this Court pursuant to 28 U.S.C. 1391, because one or more of the defendant's reside in this district and all defendant's reside in this State.  Furthermore, a substantial part of the events or ond omissions giving rise to this action occurred in this district, and or all of the defendants are subject to this Court personal jurisdiction with respect to this action.


## PLAINTIFF PRAYER AND REQUEST.

It is plaintiff respectful request that this Court use it's power's and discretion to appoint an attorney to adequately litigate for Plaintiff in respect to this Civil Rights case, and all what this Court deem just and proper.

## EXHIBITS.

EXHIBIT ( A ) copy of inmate grievance resolution Committee,
Dated August 13th 2018.

EXHIBIT ( B ) copy of consilidation, Dated August 29th 2018.

EXHIBIT ( C ) copy of Superintendent decision and appeal to
Central Office review Committee. Dated September
28th 2018.

EXHIBIT ( D ) copy of the steps Plaintiff have made to obtain
the sighned document by Albany, Dated December
10th 2018.

EXHIBIT ( E ) copy of a letter written by Plaintiff to the
Superintendent, Mr. Lamanna. Dated August 1st 2018.

EXHIBIT ( F ) copy of a letter written by Plaintiff to the First
Deputy Superintendent, Mr. Melecio Phil. Dated
August 2nd 2018.

EXHIBIT ( G ) copy of Plaintiff letter to F.O.I.L. Dated August
2nd 2018.

EXHIBIT ( H ) copy of a response from F.O.I.L. Dated November
7th 2018.

EXHIBIT ( I ) copy of a response from F.O.I.L. Dated November
30th 2018.

EXHIBIT ( J ) copy of a response from F.O.I.L. Dated February
13th 2019.

12/2016

## INMATE GRIEVANCE RESOLUTION COMMITTEE
## ACKNOWLEDGEMENT OF RECEIPT

TO: _____ BARRY _____ DIN: __ 13A1084 __ LOC. __ G1 - 123 __

FROM: IGRC OFFICE: Incident date: _____ Action Request: _____ Signature: _____

CODE: _____ 37 _____ TITLE: Facility Frisk 7/30/18 to 8/4/18  Cold Food, No Special Diet or Religious Meals

This notice is to inform you that your grievance has been received by this office on
_____ 8/8 _____. It has been given the log number GH __ 90061-18 __ Consolidation . AUG 1 3 2018

Your log number, DIN, and cell location must be included on any inquiry made concerning your grievance.

Upon completion of an investigation into your grievance, you will be scheduled for an IGRC hearing. According to Directive #4040 if you do not appear for the hearing without a legitimate reason, the IGRC will hold a hearing in absentia.

If your grievance is numbered as part of a consolidated issue, you may or may not be called for a hearing. However, you will receive a copy of the grievance committee's decision, and you may appeal any decision in accordance with Directive #4040.

Directive #4040 701.3(a) *Inmate's Responsibility.* An inmate is encouraged to resolve his complaints through the guidance and counseling unit the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance. Although a facility may not impose pre-conditions for submission of a grievance, the failure of an inmate to attempt to resolve a problem on his own may result in the dismissal and closing of a grievance at an IGRC hearing.

\*Notice of Return: ***Please resubmit with correction requested.***

Please be advised that your grievance received on _____ , is being returned to you via callout for one or more of the following reasons. You will be placed on a callout to meet with an IGRC Inmate Representative to make any necessary corrections.

___ No action request, please indicate one.      ___ No incident date noted.

___ No signature                                 ___ Non-grievable per Directive #4040

___ Unable to understand handwriting.            ___Loss/damage of property is addressed by utilizing the claim mechanism in accordance with
___Other (as indicated below):                   Directive #2733.

_____
_____
_____
_____

IGP Supervisor Stanaway _____      IGP Supervisor Wonsang _____

Consolidation

FORM 21312E (REVERSE) (9/12)

Bar___
McDonald - T4B0053

GH- 4006(-18
Code- 37

**Response of IGRC:**

Split
2-STAFF agree with investigation
2-Reps don't agree with clarification, during facility Lock-down
inmate labor in food service area WERE USED for in cell feeding
therefore GRIEVANTS should have been provided dietary meals.

Date Returned to Inmate ___8/29/18___       IGRC Members: _Edward_____

Chairperson _Jason Hughes_____    _Sgt W.J Howard_____
                                              _ORC McKnight_____

Return within 7 calendar days and check appropriate boxes.*

☑ I disagree with IGRC response and wish to          ☐ I have reviewed deadlocked responses.
   appeal to the Superintendent.                          Pass-Thru to Superintendent.

☐ I agree with the IGRC response and wish to         ☐ I apply to the IGP Supervisor for
   appeal to the Superintendent.                          review of dismissal.

Signed: _Bar_____        ___8 - 29 - 18___
                                                    Date

_Jason Hughes_____        ___8/29/18___
        Grievance Clerk's Receipt                   Date

_____

*To be completed by Grievance Clerk*

Grievance Appealed to the Superintendent: ___8/29/18___
                                                 Date

Grievance forwarded to the Superintendent for action: _____
                                                              Date

* An exception to the time limit may be requested under Directive #4040, section 701.6 (g).

| | | Grievance Number | | Date Filed |
|---|---|---|---|---|
| NEW YORK STATE | Corrections and Community Supervision | 90061-18 | | 8/13/2018 |
| | | Title FACILITY FRISK 7/30/18 TO 8/4/18 - COLD FOOD, NO DIET OR RELIGIOUS MEALS (consolidation) | | Code 37 |
| Inmate Grievance Program Green Haven | | Superintendent's Signature | | Date 9/28/18 |

This is a consolidation of grievants who complain that during a facility wide frisk 7/30/18 to 8/4/18 food was cold, and no special diet or religious meals were served.

According to the investigation Directive 4310 #3 states that emergency situation such as a facility lockdown may necessitate a change in menu, including religious and therapeutic menus, due to shortage of inmate labor in food service area and total in cell feeding. Efforts shall be made to provide meals of same type to meet religious and dietary needs.

*** Grievance is denied only to the extent noted above.

---

**Appeal Statement**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

I disagreed with this decision. First, the food service inmate workers were let out to prepare food for the population of G.H. so there was no shortage of inmate labor in food service area. Furthermore, serving cold baloney without cheese is not a sign of making efforts to provide meals of same type to meet religious & dietary needs. Bar___

Date 10-1-18

_____
Grievant's Signature

_____
Grievance Clerk's Signature

_____
Date

Form 2133 (Rev. 2/89)

DOCCS_18-09-269

12-10-18

FOIL APPEALS OFFICER.

I HEREBY APPEAL THE DENIAL OF ACCESS REGARDING MY REQUEST, WHICH WAS MADE ON JULY AND SEND TO "SAMANTHA KOOLEN" RECORDS ACCESS OFFICER. THE RECORDS THAT WERE DENIED INCLUDE "INFORMATION ON WHETHER RELIGIOUS MEALS WERE RESTRICTED DURING THE GREEN HAVEN CORRECTIONAL FACILITY LOCKDOWN ON JULY 30, 2018 TO AUGUST 5TH 2018".

AS REQUIRED BY THE FREEDOM OF INFORMATION LAW, THE HEAD OR GOVERNING body OF AN AGENCY, OR WHOMEVER IS DESIGNATED TO DETERMINE APPEALS, IS REQUIRED TO RESPOND WITHIN TEN business days OF THE RECEIPT OF AN APPEAL. IF THE RECORDS ARE DENIED ON THIS APPEAL, PLEASE EXPLAIN THE REASONS FOR THE DENIAL FULLY IN WRITING AS REQUIRED by LAW.

IN ADDITION, PLEASE BE ADVISED THAT THE FREEDOM OF INFORMATION LAW DIRECTS THAT ALL APPEALS AND THE DETERMINATIONS THAT FOLLOW BE SENT TO THE COMMITTEE ON OPEN GOVERNMENT, NEW YORK DEPARTMENT OF STATE, ONE COMMERCE PLAZA, 99 WASHINGTON AVENUE, SUITE 650, ALBANY, N.Y. 12231.

THANK YOU IN ADVANCE FOR YOUR TIME.

SINCERELY

BARRY

M. BARRY
#13A1084
GREEN HAVEN C.F
P.O.BOX 4000
STORMVILLE, N.Y. 12582-4000

M. BARRY
13A1084
G-1-123

AUGUST 1st, 2018

DEAR Mr. LAMANNA

I took the time to write you this missive in regarding a violation of my constitutional rights by Green Haven Correctional Facility personals.

To begin with, I want to remind you that we spoked about this matter yesterday on your Go around, in which you stated that you will look into to it.

Understanding that you are a busy man, I wanted to send you this missive to assure that this violation in hand cease as soon as possible.

I'm a Rastafarian, who practice Rastafarian Religion. and due to my Religion; I'm on Religious die "Kosha". Since the institutional lock down, I have NOT been Receiving my Religious "Kosha" meals. Keep in mind that I have not ate since the beginning of the institutional lock down. Other inmates with different Religion are Receiving their Religious meals.

Thus, it is my Respectful request that under your authority that you order the appropriate personals to provide me with my Religious meals immediately. I trust that this matter get Resolved under what is deem proper. Thank you in advance for your time.

YOURS RESPECTFULLY

BARRY

M. BARRY
13A1084
G-1-123

AUGUST 2ND, 2018

DEAR MR. PHIL.

I'm WRITEN YOU IN REGARDING MY RELIGIOUS "KOSHA" MEALS. SINCE THE BEGINNING OF THIS INSTITUTIONAL LOCK DOWN, I HAVE NOT RECEIVE MY RELIGIOUS "KOSHA" MEALS. EVERY OTHER RELIGIOUS GROUPS ARE RECEIVING THEIR RELIGIOUS MEALS. I'm A RASTAFARIAN WHO PRACTICE RASTAFARIAN RELIGION. I HAVE SPOKEN TO CAPTAIN DUNCAN S. BEY JR, AND THE SUPERINTENDANT ABOUT THIS MATTER. TODAY IS THE FOURTH DAY OF THIS LOCK DOWN, I HAVE NOT ATE SINCE JULY 29TH DUE TO THIS FACILITY PERSONALS REFUSING TO GIVE ME MY RELIGIOUS "KOSHA" MEALS. I HAVE NO FOOD TO EAT.

I'm CONFINED IN A CELL, AND DEPRIVED THE FREEDOM TO PRACTICE MY RELIGION.

I HAVE RELIGIOUS "KOSHA" CARD SIGNED BY THE FOOD SERVICE SUPERVISER AND APPROVED BY THE CHAPLAIN. CAPTAIN DUNCAN BEY JR AND JAIME LAMANNA, THE SUPERINTENDANT HAVE SEEN THIS CARD.

IT IS MY RESPECTFUL REQUEST THAT UNDER YOUR AUTHORITY TO ORDER THE APPROPRIATE PERSONALS TO BRING MY RELIGIOUS "KOSHA" MEALS TO G-1-123. THIS IS AN EMERGENCY AND IT SHOULD BE TREATED AS ONE.

I TRULY THANK YOU FOR YOUR TIME IN ADVANCE.

RESPECTFULLY YOURS
BARRY



**NEW YORK STATE** | **Corrections and Community Supervision**

November 07, 2018

Barry Mamadou
13A1084
Green Haven CF

DOCCS-18-09-269

Dear Barry Mamadou :

    This will acknowledge receipt of your request for records under the Freedom of Information Law received by Department of Corrections and Community Supervision on September 26, 2018.

    Your request has been forwarded to the appropriate program area(s) to identify documents that are responsive to your request and which may be made available pursuant to all applicable provisions of the Freedom of Information Law.

    A determination as to whether your request is granted or denied will be reached in approximately 20 business days or we will notify you in writing if the responsible program area(s) should require additional time to locate, assemble, and review documents that may be responsive to your request.

    Please note that, pursuant to Article 6 of the Public Officers Law, a charge may be applied to your request, including the actual cost of the medium used to respond to your Freedom of Information Law request and/or other related costs. When responsive records have been identified, you will be informed of any cost and how payment should be made.

Sincerely,

*Samantha Koolen*

Samantha Koolen,
Records Access Officer



# NEW YORK STATE | Corrections and Community Supervision

November 30, 2018

Barry Mamadou
13A1084
Green Haven CF

DOCCS-18-09-269

Dear Barry Mamadou :

You requested the Central Office authorization for a lockdown and search of Green Haven in July and information on whether religious meals were restricted during the lockdown.

After a diligent search, we were unable to locate any records responsive to your request.

If you do not agree with any part of this decision, you may appeal by writing the Office of the Counsel & FOIL Appeals Officer, NYS Department of Corrections and Community Supervision, The Harriman State Campus, 1220 Washington Avenue, Albany, New York, 12226-2050.

In appeal correspondence, please clearly note your name, DIN number, facility from which records were requested, and the FOIL Log Number provided.

Sincerely,

*Samantha Koolen*

Samantha Koolen,
Records Access Officer



**NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

February 13, 2019

Mr. Mamadou Barry (13A1084)
Green Haven Correctional Facility
594 Rt. 216
Stormville, New York 12582-0010

Re:    **FOIL Appeal Log No. A-0015-19**

Dear Mr. Barry:

Counsel's Office reviewed your Freedom of Information Law ("FOIL") appeal dated December 10, 2018.

In sum and substance, you requested "information on whether religious meals were restricted during the Green Haven Correctional Facility Lockdown on July 30, 2018 to August 5, 2018. After a diligent search, we were unable to locate any records responsive to your request.

The Department's Freedom of Information regulations require that we provide access to and copies of existing documents with the exception of those exempt for specific reasons. FOIL pertains to "any information kept held, filed, produced or reproduced by, with or for an agency ... in any physical form whatsoever." [Public Officers Law ("POL"), §86 (4).]

Nonetheless, we conducted another search and the Department continues not to have any responsive records. We are not required to create a document if it does not already exist.

Accordingly, your appeal is denied.

Regards,

*s/ Michelle L. Liberty*
Michelle L. Liberty
FOIL Appeals Officer

MLL:38
cc:    Superintendent, Green Haven Correctional Facility
       Committee on Open Government
       Central Office FOIL
       Central File

7015 0640 0003 4577 7783

MMMaloy BARRY #13A1084
GREEN HAVEN CORRECTIONAL FACILITY
P.O. BOX 4000
STORMVILLE, NEW YORK, 12582-4000

RECEIVED
2019 MAY -7 PM 12: 35
CLERK'S OFFICE
S.D.N.Y.

RECEIVED
SDNY PRO SE OFFICE
2019 MAY -8 PM 3: 25
S.D. OF N.Y.

USMP3
DNY

CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
THE DANIEL PATRICK MOYNIHAN
U.S. COURTHOUSE - 500 PEARL STREET
NEW YORK, N.Y. 10007 - 1312

Pro-se
PL

LEGAL MAIL