UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------------------------
MAMADOU BARRY,

                Plaintiff,

              -against-                     19-CV-4189 (VB)

THE STATE OF NEW YORK; JAIME         ORDER OF SERVICE
LaMANNA; MELECIO PHIL; DUNCAN S.
BEY JR.; and CHANTEL K. ELMORE,

                Defendants.
---------------------------------------------------------

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, currently incarcerated at Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated May 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

**A.  The State of New York**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

**B.  Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013) (citing 28 U.S.C. § 1915(d)); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 378 F. App'x 50, 51-52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the

defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Superintendent Jaime LaManna, First Deputy Superintendent Melecio Phil, Captain Duncan S. Bey Jr., and Sergeant Chantel K. Elmore through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff's claims against the State of New York are DISMISSED. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is directed to terminate Defendant the State of New York.

The Clerk of Court is further instructed to issue summonses and complete USM-285 forms with the addresses for Defendants Superintendent Jaime LaManna, First Deputy Superintendent Melecio Phil, Captain Duncan S. Bey Jr., and Sergeant Chantel K. Elmore, and to deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is further directed to docket this Order of Service as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 3, 2019
White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Superintendent Jaime LaManna
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

2. First Deputy Superintendent Melecio Phil
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

3. Captain Duncan S. Bey Jr.
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582

4. Sergeant Chantel K. Elmore
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582